EDWARD LHOTTA, Respondent, v. RUTGER BLEECKER, Appellant.— Action to recover damages for fraud in the sale of a boat thirty-three feet long, with engine, selling price $250, on the ground that there were misrepresentations as to the condition of the boat. Judgment of the County Court of Nassau County in favor of plaintiff reversed on the law and a new trial ordered, with costs to appellant to abide the event. It was error to permit evidence concerning a prior action brought against defendant with respect to the same boat, it appearing that in the prior action the claim was concerning the boat's engine, which was not involved in this action. On the new trial it should be made to appear upon what theory plaintiff is proceeding. If he seeks to recover the purchase price, it should then be shown that he has tendered a return of the boat. That fact was not disclosed in the present trial. If plaintiff seeks to recover damages for alleged fraud, the measure of his damages would be the difference between the price paid and the value of what he received. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.

FRANK PIETRANTONIO, an Infant under the Age of Fourteen Years, by CARLO PIETRANTONIO, His Guardian ad Litem, and CARLO PIETRANTONIO, Individually, Respondents, v. CITY OF YONKERS, Appellant.— Action to recover for personal injuries and for loss of services. W. P. A. workers engaged in repairing the sidewalks placed some flagstones in an upright leaning position against a concrete retaining wall which adjoins the sidewalk. The bottoms of the flagstones were resting on the dirt strip, and not on the travelled portion of the sidewalk. Plaintiffs gave evidence that the infant plaintiff, who was playing in the vicinity, struck his foot against one of the leaning flagstones, causing it to fall over upon him and injure his leg. The defendant city was sued, and the issues of fact were submitted to the jury in a charge by the court, with which the plaintiffs were satisfied. The jury found for the defendant, and the trial justice set the verdict aside and granted a new trial. Order reversed on the law, with costs, plaintiffs' motion denied, verdict in favor of the defendant reinstated, and judgment directed to be entered thereon, with costs. The questions of credibility, negligence and contributory negligence were for the jury, and its verdict should not be set aside when there is no indication that it was reached by extraneous or improper considerations, or is not contrary to the evidence or weight of the evidence. Carswell, Adel and Taylor, JJ., concur; Lazansky, P. J., and Hagarty, J., dissent and vote to affirm the order setting aside the verdict in favor of the defendant and granting a new trial, upon the ground that the verdict of the jury is against the weight of the evidence, and the trial justice, therefore, was justified in setting it aside.

LIVINGSTON PLATT, as Trustee under a Declaration of Trust, Dated the 14th Day of May, 1936, and a Plan of Reorganization of New York Title and Mortgage Company Series CW Mortgage Investments, Approved by an Order of the Supreme Court of the State of New York, County of New York, Dated the 13th Day of May, 1936, Respondent, v. WILLIAM C. LENGEL and NELLE M. LENGEL, Appellants, and MARY GRACE STEVENS, Defendant.— In an action to foreclose a mortgage, resettled order granting motion of plaintiff pursuant to rules 112 and 113 of the Rules of Civil Practice to strike out the answers of the appellants, and directing that plaintiff have summary judgment and judgment on the pleadings for the relief demanded in the amended complaint, affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.